FOIA Summons IH form 4
4/17

UNITED STATES DISTRICT COURT
for the
Southern District of New York

CULINARY CREATIVE, LLC,

        Plaintiff

v.

350 W 46 CAFE LLC,

        Defendant

Civil Action No. _____

SUMMONS IN A CIVIL ACTION

To:   (Defendant's name and address)
350 W 46 CAFE LLC
350 West 46th Street
New York, NY 10036

A lawsuit has been filed against you.

Within 30 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Lewis Brisbois Bisgaard & Smith, LLP
Adam E. Collyer
77 Water Street, Suite 2100
New York, NY 10005
(212) 232-1300

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**CLERK OF COURT**

Date: 01/27/2021

                              Signature of Clerk or Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CULINARY CREATIVE, LLC,<br><br>      Plaintiff,<br><br>   -against-<br><br>350 W 46 CAFE LLC,<br><br>      Defendant. | Case No.: |

## COMPLAINT

Plaintiff Culinary Creative, LLC ("Culinary Creative" or "Plaintiff") states the following for its Complaint against Defendant 350 W 46 Café LLC ("W 46 Café" or "Defendant"):

### NATURE OF THE ACTION

1. This is an action for trademark infringement, unfair competition, and trademark cancellation.

2. Plaintiff Culinary Creative has consistently provided restaurant services in connection with the Trademark BAR DOUGH (the "BAR DOUGH Denver Mark") since October 2015. Indeed, Culinary Creative immediately used the BAR DOUGH on a national scale through its website, and quickly attained international notoriety when its executive chef excelled in the renowned Bravo TV Show, *Top Chef*.

3. Only recently, however, has Defendant started to provide bar and restaurant services in connection with its trademark BARDOUGH (the "BARDOUGH NYC Mark" or "Infringing Mark"). Although Culinary Creative's first use of the BAR DOUGH Denver Mark predates W 46 Café's use of the BAR DOUGH NYC Mark by four years, W 46 Café beat Culinary

Creative to the U.S. Patent and Trademark Office (USPTO) by filing an intent to use trademark application a few short months before Culinary Creative filed its own Trademark Application.

4. Defendant's use of the BARDOUGH NYC Mark infringes on Culinary Creative's BAR DOUGH Denver mark, has resulted in damages to Culinary Creative and has diminished its goodwill and reputation. In fact, the USPTO agrees: the U.S. Trademark Examiner responsible for Culinary Creative's trademark application recently found that a likelihood of confusion exists in a non-final office action based on the similarity between the marks and the services. Unfortunately, the Trademark Examiner did not examine the evidence showing that Culinary Creative used the BAR DOUGH Denver Mark in commerce for almost four years before W 46 Café filed its trademark application.

5. Culinary Creative brings this action for trademark infringement, unfair competition, and federal trademark cancellation under Section 37 of the Lanham Act, 15 U.S.C. §1119. Culinary Creative seeks a permanent injunction against Defendant's use of the BARDOUGH NYC Mark and any other designation confusingly similar to Culinary Creative's trademarks, an accounting of Defendant's profits gained from such use, and Culinary Creative's attorneys' fees and costs.

**PARTIES**

6. Plaintiff Culinary Creative is a Colorado limited liability company with its principal place of business at 1977 West 34th Avenue, Denver, CO 80211.

7. Culinary Creative is in the business of providing restaurant services

8. Defendant W 46 Café is a New York limited liability company with its principal place of business at 350 West 46th Street, New York, New York, 10036.

9. W 46 Café is in the business of providing bar and restaurant services.

## JURISDICTION AND VENUE

10. This action arises under 15 U.S.C. §§ 1119, as well as the statutory and common law of the state of New York. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act claims), and 28 U.S.C. § 1367 (supplemental jurisdiction over pendant state law claims).

11. This Court has personal jurisdiction over W 46 Café because it is incorporated in and has its principal place of business in the State of New York.

12. Venue is proper in this District because, upon information and belief, Defendants market and provide bar and restaurant services using the Infringing Mark in this District.

## FACTS COMMON TO ALL CLAIMS

**A. Culinary Creative's Trademark Rights**

13. Culinary Creative markets and sells restaurant services in connection with the trademark BAR DOUGH ("BAR DOUGH Denver Mark"). Culinary Creative offers the restaurant services at its location in the Lower Highlands of Denver, Colorado (the "Restaurant"), and markets its services nationwide through its website, social media platforms (@bardoughden on Instagram and Twitter; @bardough on Facebook), and provides consumers with certain restaurant-related functions online.

14. Culinary Creative first used the BAR DOUGH Denver Mark in connection with restaurant services at least as early as October 3, 2015, and first used the mark in commerce at least as early as October 21, 2015. The BAR DOUGH Denver Mark gained recognition in the Rocky Mountain West before the Restaurant even opened its doors, when the James Beard Award winning "foodie" publication, *EATER*, published articles about the culinary leadership team in March 2015. *See EATER* Article Attached as **Exhibit A** (https://denver.eater.com/2015/3/19/8255451/max-mackissock-bar-dough-lohi). *EATER*

continued to cover the Restaurant's early days, writing numerous articles during the opening week. *See EATER* Articles Attached as **Exhibits B and C**.

15. Culinary Creative immediately used the mark on a national scale, when it launched its website www.bardoughdenver.com (the "BAR DOUGH Denver Website") on or before October 9, 2015. *See* screenshot from the Internet Archive attached as **Exhibit D**. Using the BAR DOUGH Denver Website, patrons can review the Restaurant's menu, make reservations at the Restaurant, submit inquiries about private events, instantly purchase gift certificates, and purchase food for takeout or delivery using its third party platform, Tock. Culinary Creative also utilizes the BAR DOUGH Denver Mark in connection with print, television, radio, and online advertisements to market its restaurant services.

16. Two short years after Culinary Creative opened the Restaurant, the BAR DOUGH Denver Mark acquired international notoriety when the Restaurant's executive chef, Carrie Baird, starred in the critically acclaimed Bravo TV Show, *Top Chef*. See **Exhibits E and F** attached hereto. In fact, Chef Baird appeared in and competed against fifteen of the nation's most creative professional chefs, and finished as one of the final four contestants during the 2017 iteration of the show. Chef Baird's performance provided primetime exposure and recognition for the Restaurant and the BAR DOUGH Denver Mark. One of the signature dishes that Chef Baird prepared during the show and which won her a "quickfire challenge" even attained "cult status." *See EATER* article attached as **Exhibit G** (https://denver.eater.com/2018/4/13/17231426/carrie-baird-fancy-toast-bar-dough-denver).

17. As a result of Culinary Creative's continuous use of the BAR DOUGH Denver Mark in connection with its advertising, promotion, distribution, and sale of its restaurant services, the relevant consuming public has come to recognize the BAR DOUGH Denver Mark as originating from and used by Culinary Creative, and to associate and identify the restaurant

services offered and sold under the BAR DOUGH Denver Mark exclusively with Culinary Creative. Culinary Creative derives an invaluable goodwill from this recognition, association, and identification by the consuming public.

### B. Defendant's Infringing Use and the '932 Trademark Registration

18. Defendant is located in New York City and provides its bar and restaurant services in connection with the BARDOUGH NYC Mark.

19. Defendant also markets its bar and restaurant services using the website www.bardoughnyc.com (the "Infringing Website") and on social media (@bardoughnyc on instagram, Twitter, and Facebook).

20. W 46 Café filed U.S. Trademark Application No. 88/317,070 for the BARDOUGH NYC Mark as an intent to use application under Lanham Act Section 1(b) on February 21, 2019 (the "'070 Application"). Defendant filed the '070 Application almost four years after Culinary Creative first made a splash in industry press. The U.S. Patent and Trademark Office (USPTO), allowed the '070 Application onto the Secondary Register on August 6, 2019, but W. 46 Café did not file its statement of use and a specimen showing use in commerce until January 10, 2020. *See* Statement of Use and Specimen attached as **Exhibits H and I**. The USPTO moved the '070 Application onto the Primary Register on March 17, 2020 as U.S. Trademark Registration No. 6,014,932 (the "'932 Registration"). The Registration Certificate for the '932 Registration is Attached as **Exhibit J**. Defendant did not first use the BARDOUGH NYC Mark until September 4, 2019, did not first use it in commerce until November 1, 2019, and created the Infringing Website on November 3, 2019. See Attached **Exhibit K**

(https://www.godaddy.com/whois/results.aspx?checkAvail=1&domain=bardoughdenver.com&domainName=bardoughnyc.com).

21. W 46 Café's first use of the Infringing Mark and the Infringing Website is well after Culinary Creative's first use of the BAR DOUGH Denver Mark.

22. The Infringing Mark is confusingly similar to the BAR DOUGH Denver Mark, and is likely to cause confusion amongst consumers as to the source of the goods and services.

23. Particularly, the BAR DOUGH Denver Mark and the Infringing Mark:

   a. Are similar in appearance, as both use the words "bar" and "dough" that are only separated by a space in the BAR DOUGH Denver Mark.

   b. Are similar in sound as they use the exact same words.

   c. Are identical in meaning.

24. Moreover, upon information and belief, Defendant's use of the Infringing Mark has caused actual confusion among consumers as to the source of the restaurant services provided in connection with the BAR DOUGH Denver Mark.

25. The services are identical in that both Culinary Creative and W 46 Café provide bar and restaurant services. What's more, each serves the exact same style of menu: Italian cuisine with a significant offering of wood-fired pizza.

26. Upon information and belief, W46 Café adopted the BARDOUGH NYC Mark with full knowledge of the BAR DOUGH Denver Mark and with the intent to benefit from the goodwill that Culinary Creative and its executive chef established in the BAR DOUGH Denver Mark as a result of four years of prior use and widespread publicity.

27. Defendant's use of a confusingly similar mark has directly harmed Culinary Creative. For example, Defendant has confused consumers by diverting them away from the BAR DOUGH Denver Website such that consumers believe that the Infringing Website and the

BARDOUGH NYC Mark are affiliated with Culinary Creative. Both Parties provide identical services and identical marks, market through internet, social media and other channels, generate initial customer interest. These deceptive activities affect the buying decisions of consumers in the market for the services, effectively allowing Defendant to get its foot in the door by confusing consumers.

28.     Defendant's actions have harmed, and will continue to harm Culinary Creative's reputation and goodwill associated with the BAR DOUGH Denver Mark, and result in additional injury that cannot be quantified or captured.

**C.  The Culinary Creative BAR DOUGH Denver Trademark Application**

29.     Culinary Creative submitted U.S. Trademark Application No. 88/680,875 to the BAR DOUGH Denver Mark on November 5, 2019 (the "'875 Application"). *See* U.S. '875 Application as filed attached as **Exhibit L**.

30.     The Trademark Examiner cited the '070 Application against the '875 Application in an Office Action on February 10, 2020, holding that the filing date for the '070 Application preceded the filing date for the '875 Application. Non-Final Office Action of February 10, 2020 attached as **Exhibit M**. The Trademark Examiner also indicated that, if it proceeded to registration, the '070 Application might bar the registration of the '875 Application on the basis that there is a likelihood of confusion between the BARDOUGH NYC Mark and the BAR DOUGH Denver Mark. *Id*.

31.     Culinary Creative responded to the Office Action on August 6, 2020 arguing that Culinary Creative first used the BAR DOUGH Denver Mark in commerce well before Defendant used the BAR DOUGH NYC Mark in commerce, and that the BAR DOUGH Denver Mark achieved significant notoriety on a national and international scale several years in advance of the filing date for the '070 Application.

32. In a second non-final office action on August 27, 2020, the Trademark Examiner never addressed Culinary Creative's argument that the BAR DOUGH Denver Mark was used in commerce well in advance of the filing date for the '070 Application. Non-Final Office Action of August 27, 2020 attached as **Exhibit N**. However, the Trademark Examiner did find that the BAR DOUGH Denver Mark and the BAR DOUGH NYC Mark are confusingly similar. *Id*. Specifically, the Trademark Examiner found that the two marks create an identical commercial impression, because the only difference is a space between the words "bar" and "dough," and that Culinary Creative's compound mark is identical as a matter of law to W 46 Café's trademark. *Id*. The Trademark Examiner also found that, even though ach Party's services need not be identical or even competitive to find a likelihood of confusion, the "restaurant services" and "bar and restaurant services" cited are legally identical. *Id*.

33. Culinary Creative has not responded to the August 26, 2020 Office Action to date.

### COUNT ONE
### Trademark Infringement
### (NY CLS Gen Bus § 360)

34. Culinary Creative restates its allegations contained in the preceding paragraphs as if fully incorporated herein.

35. Culinary Creative owns all rights, title and interest in and to the BAR DOUGH Denver Mark, and has superior rights in the BAR DOUGH Denver Mark as a result of its extensive prior use including in this District starting at least as early as October 2015. Culinary Creative has continuously used the BAR DOUGH Denver Mark in commerce since the date of first use.

36. W 46 Café's use of the Infringing Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's bar and restaurant services originate from Culinary Creative, are associated or connected with Culinary Creative, or have the sponsorship, endorsement, or approval of Culinary Creative. The USPTO

agrees, finding that the BARDOUGH NYC Mark and the BAR DOUGH Denver Mark are confusingly similar because both the marks and the services are legally identical.

37. Defendant has used a trademark confusingly similar to Culinary Creative's BAR DOUGH Denver Mark in violation of New York State Law, including but not limited to, in connection with Defendant's advertisement, thereby causing a direct injury to Culinary Creative. Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Culinary Creative's goodwill and reputation as symbolized by the BAR DOUGH Denver Mark, for which Culinary Creative has no completely adequate remedy at law.

38. Defendant's actions are and were an intentional and willful act meant to trade on the goodwill associated with the BAR DOUGH Denver Mark, to Culinary Creative's great and irreparable injury.

39. Defendant has caused and is likely to continue to cause substantial injury to the public and to Culinary Creative, and Culinary Creative is entitled to injunctive relief and to recover Defendant's profits, trebled profits and damages, costs, and reasonable attorney's fees.

## COUNT TWO
### Unfair Competition
### (New York Common Law)

40. Culinary Creative restates its allegations contained in the preceding paragraphs as if fully incorporated herein.

41. Defendant's acts, practices and conduct, as alleged herein, constitute unfair competition under New York State Law in that Defendant has caused and continues to cause a likelihood of confusion, mistake or misunderstanding as to the origin of Defendant's services, have misrepresented themselves and their services as being related to Plaintiff's and have misappropriated the BAR DOUGH Denver Mark for Defendant's gain.

42. As a direct and proximate result of Defendant's unfair competition, Plaintiff has been damaged and is likely to be substantially injured in its business, including diminished goodwill and reputation.

43. Defendant has unlawfully and wrongfully derived and, unless enjoined, will continue to derive, income and profits from its unfair conduct.

44. Defendant's conduct in using the Bar Dough NYC and creating consumer confusion with the Bar Dough Denver Mark was intentional in that Defendant used the Infringing Mark with the intention of passing off its services as those of Culinary Creative and benefiting from the substantial good will that Culinary Creative has developed in the BAR DOUGH Denver Mark.

45. Culinary Creative has no adequate remedy at law, and Defendant's conduct has caused Culinary Creative to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Culinary Creative will suffer future irreparable harm as a direct result of Defendant's unlawful activities. Culinary Creative is entitled to an injunction enjoining Defendant from the further unfair competition. Culinary Creative is also entitled to recover costs and attorneys' fees and such other orders and judgments the Court deems necessary.

### COUNT THREE
### Cancellation of U.S. Trademark Registration No. 6,014,932
### (Lanham Act Section 37 (15 U.S.C. § 1119)

46. Culinary Creative restates its allegations contained in the preceding paragraphs as if fully incorporated herein.

47. This Court has the power to cancel a registered trademark under 15 U.S.C.§1119.

48. W 46 Café claims ownership of U.S. Trademark Registration No. 6,014,932 for the mark BARDOUGH for "bar and restaurant services."

49. Culinary Creative's use of the BAR DOUGH Denver Mark predates W 46 Café's use of the BARDOUGH NYC Mark by approximately four years.

50. W 46 Café's continued use and registration of its BARDOUGH NYC Mark for use in connection with bar and restaurant services is likely to cause confusion, or to cause mistake, or to deceive as those terms are used in 15 U.S.C.§1052(d).

51. Culinary Creative has been damaged by W 46 Café's use of the BARDOUGH NYC Mark.

52. Unless enjoined by this Court, W 46 Café's U.S. Trademark Registration No. 6,014,932 will subsist and will continue to cause harm to Culinary Creative.

**PRAYER FOR RELIEF**

WHEREFORE, Culinary Creative prays the court enter judgment in its favor and award Culinary Creative relief as follows:

1. That the Court permanently restrain and enjoin Defendant, its agents, servants, employees, and other persons in active concert with Defendant, from any and all further use of the BAR DOUGH NYC Mark or any other confusingly similar marks;

2. That the Court permanently restrain and enjoin Defendant, its agents, servants, employees, and other persons in active concert with Defendant, from any and all further use of the Infringing Domain Name;

3. That Culinary Creative be awarded all damages incurred as a direct and proximate cause of Defendant's unlawful conduct;

4. That Culinary Creative recover from Defendant all amounts, including profits, received by Defendant as a direct and proximate cause of Defendant's unlawful conduct;

5. That Culinary Creative recover from Defendant treble, exemplary and punitive damages, based on their willfulness and/or reckless indifference to Culinary Creative's trademark rights, available under New York State Law;

6. That Defendant pay Culinary Creative's reasonable attorney's fees, based on their

willful and deliberate conduct in this exceptional case pursuant to New York State Law.

7. That Culinary Creative be awarded prejudgment interest;

8. That Culinary Creative be awarded post-judgment interest;

9. Find that W 46 Café's U.S. Trademark Registration No. 5122976 be cancelled pursuant to 15 U.S.C. § 1052(d);

10. That the Court grant Culinary Creative such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

Dated: New York, New York
January 27, 2021

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

BY:   /s/ Adam E. Collyer
Adam E. Collyer
*Attorneys for Plaintiff*
77 Water Street, Suite 2100
New York, NY  10005
(212) 232-1300
Adam.Collyer@lewisbrisbois.com